UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| **Lee's Foodservice Parts & Repairs, Inc.**, | Bankruptcy No. 13-9454 |
| Debtor. | Honorable Pamela S. Hollis |

NOTICE OF SECOND AND FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF FACTORLAW, AS COUNSEL TO THE
DEBTOR, AND HEARING THEREON

**Please take notice** that on January 30, 2014, FactorLaw (the "***Firm***") filed its *Second and Final for Compensation and Reimbursement of Expenses of FactorLaw, as Counsel to the Debtor* (the "***Application***") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Firm seeks compensation in the amount of $33,850 and reimbursement of expenses in the amount of $2,442.77 for the period July 10, 2013, to January 6, 2014. The Firm is also seeking final approval of all the Firm's compensation and reimbursement of expenses previously allowed by the Court on an interim basis, such that the Firm is seeking final approval of fees in the aggregate amount of $47,860 and reimbursement of expenses in the aggregate amount of $2,563.77. The Application is being served contemporaneously with this Notice upon each entity listed on the attached Special Service List and upon those entities receiving notices in the above-captioned case pursuant to the Bankruptcy Court's CM/ECF system. All other entities may obtain copies of the Application upon request to: Mr. Jeffrey K. Paulsen, FactorLaw, 105 W. Madison Street, Suite 1500, Chicago, Illinois 60602; jpaulsen@wfactorlaw.com.

**Please take further notice** that a hearing to consider the Application will be held before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **February 20, 2014, at 10:00 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

—2—

Dated: January 30, 2014                         **FactorLaw**

                                                      By: /s/ Jeffrey K. Paulsen

William J. Factor (6205675)
Sara E. Lorber (6229740)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
          slorber@wfactorlaw.com
          jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on January 30, 2014, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused:

1. Copies of the *Notice of Second and Final Application for Compensation and Reimbursement of Expenses of FactorLaw, as Counsel to the Debtor and Hearing Thereon* and the *Second and Final Application for Compensation and Reimbursement of Expenses of FactorLaw, as Counsel to the Debtor* to be served upon the parties identified on the below Special Service List by either U.S. Mail or through the Court's Electronic Notice for Registrants, as indicated thereon.

2. Copies of the *Notice of Second and Final Application for Compensation and Reimbursement of Expenses of FactorLaw, as Counsel to the Debtor and Hearing Thereon* to be served upon the parties identified on the below General Service List via U.S. Mail.

/s/ Jeffrey K. Paulsen

### SPECIAL SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| Jeffrey S. Burns | jburns@cbklaw.com |
| Bryan K. Clark | bclark@lathropgage.com |
| William J. Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com, nb@wfactorlaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jody Ann Lowenthal | jodyerie@aol.com |
| Joel R. Nathan | joel.nathan@usdoj.gov, paula.gabriel@usdoj.gov, marina.ravelo@usdoj.gov, carol.bithos@usdoj.gov, ecf1.ausa@usdoj.gov |
| Michael T. Prousis | mprousi@ides.state.il.us |

Christopher H. Purcell          shermlaw13@aol.com

Jeffrey Snell          jeffrey.snell@usdoj.gov

**Twenty Largest Unsecured Creditors and Other Parties in Interest Without Appearances in the Case**
(Service via U.S. Mail)

| | |
|---|---|
| City of Chicago<br>Dept. of Finance<br>P.O. Box 88298<br>Chicago, IL 60680-1298 | Fleetmatics<br>1600 Golf Rd., Suite 800<br>Rolling Meadows, IL 60008 |
| ILLCO, Inc.<br>9590 W. 55th St.<br>Countryside, IL 60525 | Illinois Dep't of Employment Sec.<br>33 S. State St., 10th Floor<br>Bankruptcy Unit<br>Chicago, IL 60603 |
| The Illinois Tollway<br>2700 Ogden Ave.<br>Downers Grove, IL 60515 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Law Offices of Rory McGinty, P.C.<br>5202 Washington<br>Suite 5<br>Downers Grove, IL 60515 | Leeds Construction Co., LLC<br>16W277 83rd St., Suite A<br>Burr Ridge, IL 60527 |
| Leads Construction<br>c/o Jeanne Miller<br>Law Offices of Jeanne M. Miller<br>4123-A W. Shamrock Ln.<br>McHenry, IL 60050 | Middleby CSG<br>P.O. BOX 96031<br>Chicago, IL 60693 |
| National Lift Truck<br>3333 Mt Prospect Road<br>Franklin Park, IL 60131 | Nicor Gas<br>P.O. Box 549<br>Aurora, IL 60507 |
| RREEF REIT II Corp D<br>c/o William J. Ulrich, Jr.<br>Mulherin, Rehfeldt & Varchetto, PC<br>211 S. Wheaton Ave., Suite 200<br>Wheaton, IL 60187 | RREEF<br>REIT II Corp D O'Hare Industrial<br>P.O. Box 9046<br>Addison, TX 75001-9046 |

—2—

Ryder
Attn. Jennifer Morris
6000 Windward Parkway
Alpharetta, GA 30005

Sprint-Nextel – Correspondence
Attn. Bankruptcy Dept.
P.O. Box 7949
Overland Park, KS 66207-0949

Wright Express
Wex, Inc.
P.O. Box 639
Portland, ME 01410

Assistant Attorney General
Revenue Litigation Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601

Lee's Foodservice Parts & Repairs
230 Laura Dr.
Addison, IL 60101-5014

Somat Co., Div. of ITW Food Equip.
c/o The CKB Firm
30 N. LaSalle St., Suite 1520
Chicago, IL 60602-3387

Wells Fargo Equipment Finance
300 Tri-State International
Suite 400
Linconshire, IL 60069

Jay K. Levy
P.O. Box 1181
Evanston, IL 60201

Estate of Daryl Anderson
482 Cherry Hill Dr.
Addison, IL 60101

## GENERAL SERVICE LIST

See next page.

| | | |
|---|---|---|
| 230 Laura Drive, LLC<br>230 Laura Dr.<br>Addison, IL 60101-5014 | Addison Medical Center<br>303 W. Lake St.<br>Addison, IL 60101 | Air Gas<br>1601 Nicholas Blvd.<br>Elk Grove, IL 60007-5614 |
| Allied Insurance<br>1100 Locust St. D1-7C-0301<br>Des Moines, IA 50391-0301 | Allied Waste Services<br>P.O. Box 9001154<br>Louisville, KY 40290-1154 | Avaya<br>14499 Hertz Quail Spring Pkwy<br>Oklahoma City, OK 73134-2615 |
| BCC 4&5, LLC<br>1800 Production Court<br>Louisville, KY 40299-2102 | Brian Anderson<br>230 Laura Dr.<br>Addison, IL 60101-5014 | Carlson Plumbing Service<br>1782 W. Armitage Ct.<br>Addison, IL 60101-5488 |
| Cintas<br>PO Box 636525<br>Cincinnati, OH 45263 | City of Evanston<br>1454 Elmwood Ave.<br>Evanston, IL 60201-4333 | City of Lake Forest<br>220 E. Deerpath Rd.<br>Lake Forest, IL 60045-1914 |
| City of Lake Geneva<br>626 Geneva St.<br>Lake Geneva, WI 53147-1914 | DEX<br>1901 E. War Memorial Drive<br>Peoria, IL 61614 | De Lage Landen Financial Services<br>1111 Old Eagle School Rd.<br>Wayne, PA 19087-1453 |
| FedEx Freight<br>2200 Forward Dr.<br>Harrison, AR 72601-2234 | Gordon Flesch Company, Inc.<br>2675 Research Park Dr.<br>Madison, WI 53711 | Hibu, Inc,<br>c/o RMS Bankruptcy Recovery Svcs.<br>PO Box 5216<br>Timonium, MD 21094-5126 |
| Home Pages<br>PO Box 982<br>DeKalb, IL 60115-0982 | IPC<br>PO Box 668307<br>Pompano Beach, FL 33066 | Illinois Dept. of Revenue<br>Bankruptcy Department<br>PO Box 64338<br>Chicago, IL 60664-0338 |
| Illinois Fire Extinguisher Co.<br>702 S. Rohlwing Rd.<br>Addison, IL 60101-4288 | Illinois Sec. of State Police<br>110 E. Adams St.<br>Springfield, IL 62701-1109 | Image Sys. & Bus. Solutions<br>1776 Commerce Dr.<br>Elk Grove, IL 60007-2120 |
| Lift Tech<br>960 Sivert Dt., Suite C<br>Wood Dale, IL 60191 | McMaster-Carr Supply Co.<br>600 N. County Line Rd.<br>Elmhurst, IL 60126-2081 | Middleby CSG<br>PO Box 96031<br>Chicago, IL 60693 |

National Lift Truck
3333 Mt. Prospect Road
Franklin Park, IL 60131-1337

National Service Co-Op
4046 S. 108th St.
Omaha, NE 68137

Nicor Gas
PO Box 549
Aurora, IL 60507-0549

OMNI-1 Electronics, Inc.
31632 N. Ellis Dr., Unit 304
Volo, IL 60073-9673

Pepper Construction Co.
411 Lake Zurich Rd.
Barrington, IL 60010-3179

Quality Lift Truck
580 Vista Ave.
Addison, IL 60101-4423

Quill.com
PO Box 37600
Philadelphia, PA 19101-0600

Randall & Richards, Inc.
5151 E. Broadway Blvd.
Suite 800
Tucson, AZ 85711-3775

Sears & Anderson
6808 Hobson Valley Dr., Suite 105
Woodridge, IL 60517

Shane's Office Supply
2717 Curtiss Street
Downers Grove, IL 60515-4002

SmithAmundsen
150 N. Michigan Ave.
Chicago, IL 60601-6004

Somat Company
165 Independence Court
Lancaster, PA 17601-5838

SomerCor 504 Inc.
601 S. LaSalle St., Suite 510
Chicago, IL 60605-1726

Standard Parking Corp.
PO Box 66179
Chicago, IL 60666-0179

Stevenson Crane Service
Stevenson Dr.
Bolingbrook, IL 60440-3094

Taylor Plumbing
488 Diens Dr.
Wheeling, IL 60090-2641

The Gallery Collection
PO Box 360
Ridgefield Park, NJ 07660-0360

Thrift n Swift Printing, Inc.
9651 Franklin Ave.
Franklin Park, IL 60131-2719

Timothy J. Vande Werken
Evenhouse & Co., P.C.
310 West Lake Street
Elmhurst, IL 60126-1531

Vermette Machine Co.
7 – 143rd St.
Hammond, IN 46327-1395

Village of Addison
1 Friendship Plaza
Addison, IL 60101-2786

Village of Franklin Park
9500 W. Belmont
Franklin Park, IL 60131-2798

Village of Harwood Heights
7300 W. Wilson St.
Harwood Heights, IL 60706

Village of Oak Park
123 Madison St.
Oak Park, IL 60302

Village of River Grove
2621 N. Thatcher Ave.
River Grove, IL 60171

WW Grainger, Inc.
Attn: Special Collections Dept.
MES178872536321
7300 N. Melvina
Niles, IL 60714-3906

Windy City Truck Repair
61 S. Mitchell Ct.
Addison, IL 60101-1416

YellowBook – West
PO Box 660052
Dallas, TX 75266-0052

Zbigniew Loszeski
7755 Wolf Rd.
La Grange, IL 60525-5144

Illinois Dept. of Revenue
Bankruptcy Division, Level 7-400
100 West Randolph Street
Chicago, IL 60601-6206

Louisville Gas & Electric
820 W. Broadway St.
Louisville, KY 40202

Stephen Fossler
c/o Deluxe
3680 Victoria St. North
Shoreview, MN 55126

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Lee's Foodservice Parts & Repairs, Inc.**, | Bankruptcy No. 13-9454 |
| | Honorable Pamela S. Hollis |
| Debtor. | |

**SECOND AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF FACTORLAW, AS
<u>COUNSEL TO THE DEBTOR</u>**

By this Second and Final Application for Compensation and Reimbursement of Expenses (the "***Application***"), FactorLaw (the "***Firm***") as counsel to Lee's Foodservice Parts & Repairs, Inc., (the "***Debtor***") respectfully seeks an order of this Court allowing and awarding the Firm compensation in the amount of $33,850 for professional services rendered by the Firm on behalf of the Debtor during the period of July 10, 2013, to January 6, 2014, (the "***Second Application Period***") and reimbursement of actual and necessary expenses in the amount of $2,442.77 incurred by the Firm in rendering such professional services. In addition, the Firm seeks final allowance of fees and reimbursement of expenses for the entirety of the Debtor's chapter 11 case in the aggregate amounts of $47,860 and $2,563.77, respectively (inclusive of the fees and expenses sought for the Second Application Period), for the period of March 11, 2013, to January 6, 2014 (the "***Aggregate Compensation Period***").

The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

## FEES AND EXPENSES REQUESTED

I.  **Case background.**

On March 11, 2013, (the "***Petition Date***") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Case***"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor operated its business and managed its financial affairs as debtor-in-possession. No trustee, examiner, or committee was appointed in the Case.

On April 25, 2013, the Court entered an order (ECF No. 34) granting the Debtor's application to employ the Firm as its counsel, effective as of March 11, 2013.

On December 17, 2013, the Court entered an order (ECF No. 158) confirming the Debtor's plan of reorganization. The effective date of the plan was January 6, 2014.

On or about February 28, 2013, the Firm received a $25,000 retainer from the Debtor (the "***Retainer***"). Prior to the filing of the Case, the Firm applied $8,145 of the Retainer to prepetition fees and expenses. The Firm applied $14,131 of the remaining Retainer to the fees and expenses awarded as a result of its First Interim Application for Compensation and Reimbursement of Expenses. Of the original Retainer, $2,724 remains unapplied.

II.  Summary of services rendered and expenses incurred by the Firm.

   A.  *Overview.*

This Application is the second and final application for compensation and expense reimbursement that the Firm has filed in the Case.

The fees for services (the "**Services**") provided by the Firm during the Second Application Period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 3.6 | $1,260 |
| Jeffrey K. Paulsen | Associate | 250 | 126.5 | 31,625 |
| David P. Holtkamp | Associate | 250 | 0.9 | 225 |
| Tom Griseta | Legal Assistant | 100 | 2.1 | 210 |
| Sam Rodgers | Legal Assistant | 100 | 5.3 | 530 |
| | | **Total:** | **138.4** | **$33,850** |

The Firm maintains contemporaneous written records of the time expended by its professionals.

Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services in one-tenth of one hour increments; and (d) the professionals who performed the Services.

In addition, during the Application Period, the Firm incurred $121 in actual and necessary expenses (the "**Expenses**") in connection with the Services. The Expenses are set forth in detail in the attached **Exhibit B**.

The Firm respectfully submits that the Services rendered and Expenses incurred during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the estate, as further discussed herein.

B.  *Breakdown of fees by category of services rendered.*

For the Court's convenience, the Firm has categorized its Services to the Debtor into the following categories: (a) general case administration; (b) motions for relief from stay and for adequate protection; (c) professionals; (e) cash collateral; (f) claims administration and objections; and (g) plan and disclosure statement.

1.  General case administration (Exhibit A-1).

During the Application Period, the Firm expended 18.0 hours, with a value of $3,870, on behalf of the Debtor on matters relating to the administration of the Case.

The Services in this category generally include: (a) advising and consulting with the Debtor with regard to chapter 11 planning and strategy; (b) advising and consulting with the Debtor with respect to its powers and duties as debtor and debtor-in-possession in the continued management and operation of its business and the conduct of the Case; (c) conferring and meeting with creditors and other parties in interest; (d) preparing on behalf of the Debtor all schedules, statements, motions, applications, orders, monthly operating reports and other papers necessary to the administration of its estate; (e) appearing before this Court and the United States Trustee; and (f) performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with the Case.

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Associate | $250 | 13.8 | $3,450 |
| Tom Griseta | Legal Assistant | $100 | 2.1 | 210 |
| Sam Rodgers | Legal Assistant | $100 | 2.1 | 210 |
| | | **Total:** | **18.0** | **$3,870** |

—4—

    2. Motions for relief from the automatic stay and for adequate protection (Exhibit A-2).

During the Application Period, the Firm expended 5.5 hours, with a value of $1,375, on behalf of the Debtor on matters relating to motions filed by creditors seeking relief from the automatic stay or adequate protection payments.

The Services in this category generally include: (a) reviewing motions for stay relief and for adequate protection; (b) advising the Debtor in connection with the motions; (c) appearing in Court on behalf of the Debtor for hearings on the motions; and (d) negotiating resolutions to the motions.

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Associate | $250 | 4.6 | $1,150 |
| David P. Holtkamp | Associate | 250 | .9 | 225 |
| | | **Total:** | **4.6** | **$1,150** |

    3. Professionals (Exhibit A-3).

During the Application Period, the Firm expended 9.9 hours, with a value of $2,170, on behalf of the Debtor on matters relating to applications for the retention of professionals.

The Services in this category generally include: (a) preparing the applications for compensation of Firm and the Debtor's other professionals and (b) attending hearings on retention applications.

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 0.1 | $35 |
| Jeffrey K. Paulsen | Associate | 250 | 7.7 | 1,925 |
| Samuel Rodgers | Legal Assistant | 100 | 2.1 | 210 |
| | | **Total:** | **9.9** | **$2,170** |

4. Cash collateral (Exhibit A-4).

During the Application Period, the Firm expended 1.6 hours, with a value of $400, on behalf of the Debtor on matters relating to the use of cash collateral.

The Services in this category generally include: (a) drafting periodic cash collateral orders; (b) working with the Debtor and its professionals to prepare budget and other reports; and (c) appearing before the Court on matters relating to the use of cash collateral.

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Associate | $250 | 1.6 | $400 |
| | | **Total:** | **1.6** | **$400** |

5. Claims administration and objections (Exhibit A-5).

During the Application Period, the Firm expended 13.6 hours, with a value of $3,430, on behalf of the Debtor on matters relating to claims administration and objections.

The Services in this category generally include: (a) evaluating claims filed against the Debtor; (b) objecting to Dura-Ply's proof of claim against the Debtor; and (c) appearing in Court for hearings on Dura-Ply's claim.

—6—

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 0.3 | $105 |
| Jeffrey K. Paulsen | Associate | 250 | 13.3 | 3,325 |
| | | **Total:** | **13.6** | **$3,430** |

6. Plan and disclosure statement (Exhibit A-6).

During the Application Period, the Firm expended 89.8 hours, with a value of $22,605, on behalf of the Debtor on matters relating to claims administration and objections.

The Services in this category generally include: (a) advising the Debtor regarding the plan and confirmation process; (b) formulating the plan structure in consultation with the Debtor; (c) drafting the plan and disclosure statement and modifications to each; (d) preparing motions to extend exclusivity and to conditionally approve disclosure statement and solicitation procedures, and attending hearings thereon; (e) responding to and negotiating resolutions of objections to plan confirmation, and attending court hearings thereon; and (f) generally taking all steps necessary to effect confirmation of the Debtor's plan of reorganization.

A breakdown of the professionals providing services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 3.2 | $1,120 |
| Jeffrey K. Paulsen | Associate | 250 | 85.5 | 21,375 |
| Samuel Rodgers | Legal Assistant | 100 | 1.1 | 110 |
| | | **Total:** | **89.8** | **$22,605** |

## DISCUSSION

### I. The Firm's fees are reasonable and should be allowed.

After notice and hearing, a bankruptcy court may award a professional person "reasonable compensation for actual, necessary services rendered by the … professional person …." 11 U.S.C. § 330(a)(1)(A).

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987); *accord In re UNR Indus.*, 986 F.2d 207, 210–11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure

has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). Moreover, "[t]he lawyer's regular rate is *strongly* presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); *Collier on Bankruptcy* ¶ 330.04 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998).

The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate—is $244.58. This average rate is fair and reasonable in light of the Services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

Because the fees Firm's fees are reasonable, this Court should allow them.

II. **The Firm's expenses should be allowed because they were required to accomplish the proper representation of the Debtor**.

A bankruptcy court may also award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

"An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros.*, 191 B.R. 738, 749 (Bankr. N.D. Ill. 1996).

The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and the Firm respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate, in that they were required postage expenses for various motions and orders filed with this Court. This Court should therefore allow the reimbursement of the Expenses.

### NOTICE

Due to the expense that would be incurred in serving this Application upon all creditors in the Case, the Firm respectfully submits that sufficient cause exists to limit service of the Application to the parties on the Special Service List, including all persons registered in the Case. Notice of the Application and the hearing thereon has been provided to all creditors in the Case, as identified on the General Service List, and copies of the Application will be provided at no charge to any party upon request.

**Wherefore**, the Firm respectfully requests that this Court enter an order

(a) finding notice of this Application sufficient as given and that no other or further notice is necessary;

(b) allowing and awarding for the Second Application Period the Firm fees in the amount of $33,850 (the "**Allowed Fees**") and expenses in the amount of $2,442.77 (the "**Allowed Expenses**");

(c) authorizing the Firm to apply the Retainer to the Allowed Fees and Allowed Expenses;

(d) authorizing the Debtor to pay the Firm the balance of the Allowed Fees and Allowed Expenses;

(e) allowing in a final basis for the Aggregate Compensation Period the Firm's fees and expenses in the aggregate amounts of $47,860 and $2,563.77, respectively and inclusive of the Allowed Fees and Allowed Expenses; and

   (f) granting such further relief as is appropriate under the circumstances.

Dated: January 30, 2014     **FactorLaw**

             By: <u>/s/ Jeffrey K. Paulsen</u>
             One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
    slorber@wfactorlaw.com
    jpaulsen@wfactorlaw.com

—11—